**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**JOSE ISIDOR FRANCOIS**,                                    Case No.:

     Plaintiff,

     v.

**KEMET ELECTRONICS**
**CORPORATION,**

     Defendant.

_____/

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Plaintiff, JOSE ISIDOR ("Plaintiff" and/ or "ISIDOR"), by and through undersigned counsel, sues Defendant, KEMET ELECTRONICS CORPORATIONS (hereinafter "Defendant" and/or "KEMET"), and alleges as follows:

**NATURE OF ACTION**

1. This action is brought under 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII); and the Florida Civil Rights Act §760.01, et seq., Florida Statutes (FCRA); to redress unlawful employment practices toward Plaintiff, including but not limited to discrimination and discharge from employment.

**JURIDICTION AND VENUE**

2. This court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) 42 U.S.C. § 1981; and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII).

3. The Southern District of Florida, Broward Division is proper under 28 U.S.C. § 1391 (b)(1) because Defendant is a resident of, has agents, and/ or transacts their affairs in this district.

4. Venue is proper because under 28 U.S.C. § 1391 (b)(2) because all or a substantial part of the events giving rise to this cause occurred in this district.

## **PARTIES**

5. Plaintiff is an individual residing in Broward County.

6. Plaintiff is and was a resident of Broward County, Florida for all times relevant to this action.

7. At all times relevant to this action, Plaintiff was an employee of Defendant.

8. Defendant is a For Profit Corporation authorized to conduct business in the State of Florida and in Broward County, Florida.

## **STATEMENT OF FACTS**

9. Plaintiff brings forth this action in Federal Court pursuant to FMLA, Title VII, 1981 and FCRA.

10. Plaintiff is a Black woman of Haitian national origin.

11. On or around December 27, 2018, Defendant KEMET hired Plaintiff ISIDOR as a Representative on Defendant's Sales team.

12. Plaintiff's job duties included supporting the Sales team, managing customer accounts and responding to Customer accounts.

13. In or around 2018, Defendant's employees began subjecting Plaintiff to comments regarding her race and national origin.

14. At all relevant times, Defendant hired Plaintiff ISIDOR to be a member of Defendant's South Florida team.

15. At all relevant times, Plaintiff ISIDOR was the only Haitian- American woman working in the Defendant's South Florida Location.

16. At all relevant times, Plaintiff ISIDOR was the only non-Spanish speaker on Defendant's Sales team.

17. At all relevant times, Defendant's employees and Defendant's supervisor treated Plaintiff ISIDOR differently.

18. At all relevant times, Plaintiff ISIDOR made Defendant's leadership team aware of Defendant's and Defendant's employees discriminatory conduct.

19. At all relevant times, Defendant's Sales team had six (6) salespersons inclusive of Plaintiff ISIDOR.

20. At all relevant times, Defendant's TOMAS VELEZ (hereinafter referred to as "VELEZ" or "Defendant's VELEZ") was and is a Hispanic male employed by Defendant KEMET.

21. At all relevant times, Defendant's VELEZ was and is employed as the Supervisor assigned to work at Defendant's South Florida location as Defendant's Sales team Supervisor.

22. At all relevant times, Defendant's VELEZ is and was to supervise members to Defendant's Sales team.

23. At all relevant times, Defendant's VELEZ held direct supervisory authority over Plaintiff ISIDOR.

24. At all relevant times, starting from the beginning of Plaintiff ISIDOR'S employment with Defendant, Defendant's VELEZ regularly harassed Plaintiff ISIDOR. By means of example only, VELEZ would yell at Plaintiff ISIDOR causing her to feel humiliated.

25. Defendant's VELEZ made statements to Plaintiff ISIDOR explaining his disdain for Plaintiff ISIDOR.

26. Plaintiff ISIDOR passed her 90-day probationary period without issue and was regularly commended for her hard work and overall work ethic.

27. Defendant's leadership gave Plaintiff ISIDOR above satisfactory scores during her 6-month review.

28. In or around December 2017, Plaintiff ISIDOR was assigned thirteen (13) customer accounts to manage. Defendant KEMET'S non-Black Sales team employees were assigned between three (3) and four (4) accounts.

29. At all relevant times, Defendant and Defendant's VELEZ all members of the Sales team to work from home except Plaintiff ISIDOR. Defendant's VELEZ explained that Plaintiff ISIDOR "… WAS NOT ALLOWED TO WORK FROM HOME, BECAUSE ALL WORK MUST BE COMPLETED AT THE OFFICE."

30. In or around April 2018, Plaintiff ISIDOR'S trainer was laid off from her employment with Defendant. As a result, Defendant's VELEZ became Plaintiff ISIDOR'S trainer and main source of support.

31. At all relevant times, Defendant's VELEZ lacked the requisite knowledge to manage and aid Plaintiff ISIDOR with her workload. As a result, Plaintiff ISIDOR was left to seek help from any willing source.

32. At all relevant times, Plaintiff ISIDOR had no choice but to work longer hours and also work on weekends in an effort to complete assignments in a timely manner.

33. In or about May 2018, Plaintiff ISIDOR requested vacation days (June 1 through June 5, 2018). In or around May 2018, Defendant's VELEZ approved Plaintiff ISIDOR'S requested vacation time off.

34. During Plaintiff ISIDOR'S from June 1 through June 5, 2018 vacation, Defendant's VELEZ had the responsibility for securing coverage for Plaintiff ISIDOR'S account or to

cover the accounts himself. Defendant's VELEZ was unable to cover the accounts because he did not understand account management.

35. During that time, Defendant's VELEZ failed to cover or find coverage for Plaintiff ISIDOR'S account in her absence.

36. As a result of Defendant's VELEZ'S failure to find coverage, or to cover the accounts himself, Defendant's customers began asking about orders, and the timeliness of Plaintiff ISIDOR'S responses to orders.

37. Upon Plaintiff ISIDOR'S return from her June 2018 vacation, Plaintiff ISIDOR had over one (100) hundred emails requiring a response. As a result, Monica Highfill (hereinafter referred to as "Ms. Highfill"), Defendant's Vice President of Sales Americas, instructed Plaintiff ISIDOR to focus on filling orders while Defendant's VELEZ would focus on responding to the emails.

38. At all relevant times, Defendant's VELEZ harassment continued. Defendant's VELEZ sent multiple messages to the team via email and Skype in Spanish, knowing that Plaintiff ISIDOR was not a Spanish speaker and therefor would not understand the message.

39. At all relevant times, Plaintiff ISIDOR complained to Defendant's HIGHFILL about the discrimination, harassment and VELEZ intentionally excluding her. HIGHFILL instructed VELEZ to apologize, and he did.

40. In or around June 2018, VELEZ made a statement to Plaintiff ISIDOR, VELEZ stated "YOU DON'T HAVE TO LIKE ME, BECAUSE I DON'T LIKE YOU EITHER." Plaintiff ISIDOR went to Human Resources to advise them of the comment VELEZ made and he did not deny that he made that comment.

41. Again, in or around June 2018, Plaintiff ISIDOR complained by way of text message to Defendant's HIGHFILL about VELEZ'S discriminatory behavior and the constant harassment she endured.

42. In or around 2018, Defendant's HIGHFILL sent an electronic message to Defendant's Sales team reminding the team that processing orders were a priority and Defendant's VELEZ would respond to electronic messages from concerned customers.

43. On or about June 26, 2018, Plaintiff ISIDOR sent Defendant's HIGHFILL a text message informing her of her pregnancy and explaining that the harassment by VELEZ was causing her serious stress.

44. In or around July 2018, Plaintiff ISIDOR discovered that over one thousand unanswered electronic messages from concerned customers. Defendant's VELEZ had not been responding to emails as directed by HIGHFILL.

45. In or around July 2018, Defendant's VELEZ instructed Plaintiff ISIDOR to respond to the electronic messages from customers because he did not know how to answer electronic messages. Defendant's VELEZ instructed Defendant's Sales team members to assist Plaintiff ISIDOR with incoming orders.

46. Many of the orders done by team members, unfamiliar with the accounts, had errors- as they were incorrectly entered.

47. To catch up, Plaintiff ISIDOR asked VELEZ to take the work computer home and again she was denied. All other members of the team had the opportunity to work from home.

48. Defendant's VELEZ told a Spanish speaking employee (GISELLE LOPEZ) that Plaintiff ISIDOR was incapable of completing assignments because of her pregnancy. LOPEZ relayed the conversation to Plaintiff ISIDOR.

49. LOPEZ informed Plaintiff ISIDOR that she was instructed to take her work computer home and assist Plaintiff ISIDOR in processing orders and responding to the unanswered electronic messages.

50. At all relevant times, Defendant's Spanish speaking employees were not reprimanded for customer complaints or back orders.

51. In or around July 2018, shortly after Plaintiff ISIDOR'S pregnancy announcement, Defendant placed Plaintiff ISIDOR on a Performance Improvement Plan ("PIP").

52. Defendant's Spanish speaking employees were not placed on PIPs for late responses to customer electronic messages and/or order errors done by another member of Defendant's Sales team.

53. At all relevant times, Plaintiff ISIDOR continued to oppose Defendant's VELEZ's discriminatory remarks and harassment, but VELEZ persisted in his discriminatory behavior.

54. At all relevant times, Defendant's VELEZ and HIGHFILL were on notice of Plaintiff ISIDOR'S pregnancy and the impact the continuous harassment and stress would play on Plaintiff ISIDOR'S pregnancy.

55. At all relevant times, VELEZ and HIGHFILL were aware of the nature of the complaints and that VELEZ had not done his part in correcting the problem.

56. Plaintiff ISIDOR complained to the Human Resource officer (RENAE HICKS) about VELEZ's constant harassment and MONICA placing her on a PIP after disclosing her pregnancy.

57. Defendant's HICKS explained to Plaintiff ISIDOR that she needed to complain to HICKS first and not to HIGHFILL.

58. Plaintiff ISIDOR told the Human Resource officer HICKS she was being discriminated against because she was Black.

59. HIGHFILL and VELEZ continued the harassment and using the June 2018 complaints as grounds for terminating CLAIMANT.

60. In or around August 2018, the HICKS explained to Plaintiff ISIDOR that the complaints prior to the PIP would not be held against her.

61. On or about August 27, 2018, Defendant terminated Plaintiff ISIDOR before the expiration of the PIP.

62. In or around September 2018, Defendant replaced Plaintiff ISIDOR with a white man who had no experience.

63. As a result of Defendant's actions, Plaintiff ISIDOR felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

64. As a result of Respondent's discriminatory treatment, Plaintiff ISIDOR suffered and continues to suffer severe emotional distress.

65. Plaintiff ISIODR was placed on bed rest and suffered from other complications as a result of Respondent's conduct. Plaintiff ISIDOR has anxiety and difficulty sleeping.

66. On or about April 12, 2019, Plaintiff ISIDOR filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

67. On or about December 11, 2019, Plaintiff ISIDOR received the Notice of Suit Rights from the EEOC.

68. Plaintiff ISIDOR claims actual discharge.

69. Defendant discriminated against Plaintiff on the basis of Plaintiff's pregnancy. Defendants retaliated against Plaintiff for Plaintiff's complaints of discrimination. Further, Defendants

interfered with and retaliated against Plaintiff for attempting to exercise Plaintiff's protected right under the ADA and to intermittent FMLA leave.

70. That as a result of Defendant's conduct and comments, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

71. Plaintiff suffers from regular panic attacks and nightmares relating to Defendant's conduct.

72. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

73. As a result of the acts and conduct complained of herein, Plaintiff ISIDOR has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff ISIDOR has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff ISIDOR further experienced severe emotional and physical distress.

74. Plaintiff further claims aggravation, activation and exacerbation of a preexisting condition.

75. As a result of the above, Plaintiff ISIDOR has been damaged in an amount in excess of the jurisdictional limits of all lower Courts.

76. Defendant's conduct has been malicious, willful, and/or outrageous, and conducted with full knowledge of and reckless indifference of the law. As such, Plaintiff ISIDOR demands Punitive Damages as against Defendant.

77. The above are just some of the examples of the discrimination and retaliation to which Defendant subjected Plaintiff.

# AS A FIRST CAUSE OF ACTION
## FMLA INTERFERENCE

**78.** Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 77 and further alleges as follows.

79. Plaintiff was employed by the KEMET, an entity which qualifies as an "employer," as that term is defined in FMLA, 29 U.S.C. § 2611(4), because it is "engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year," and as such is subject to the FMLA.

80. Plaintiff ISIDOR is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2)(a), because she has been employed for at least 12 months by Jackson for at least 1,250 hours of service during the [previous] 12-month period.

81. Plaintiff ISIDOR was considered a good and effective employee by Defendant.

82. At all times relevant to the alleged in this complaint, Plaintiff ISIDOR put Defendant on notice that Plaintiff would be entitled to and need FMLA and required ongoing visits to her doctor.

83. Plaintiff ISIDOR gave KEMET the information regarding her pregnancy as soon as she received it from the treating physician.

84. KEMET failed to provide Plaintiff ISIDOR with the time to exercise her entitled right to FMLA for the 12 weeks she was entitled to.

85. KEMET did not request medical certification from Plaintiff at any time following Plaintiff's FMLA entitlement.

86. At all times relevant to the alleged in this complaint, Plaintiff suffered from one or more serious health conditions which required Plaintiff to miss work and required continuing medical treatment as entitled by FMLA.

87. Plaintiff provided Defendant with enough information for Defendant to know that her potential continued leave may be covered by FMLA.

88. Defendant terminated Plaintiff within a month after Defendant was put on notice of Plaintiff's right to FMLA.

89. Plaintiff was denied the leave to which she was entitled to under 29 U.S.C. § 2612; VPNE effectively interfered with Plaintiff's FMLA rights.

90. Defendant's actions were willful, knowingly, and voluntarily done with malice or reckless disregard for Plaintiff's rights.

91. Plaintiff has been damaged as a result of VPNE'S actions in violating the FMLA by wrongfully terminating the Plaintiff and is entitled to liquidated damages, costs of suit pursuant to 29 U.S.C. § 2617 (a)(3) and for reasonable attorney's fees pursuant to 29 U.S.C. § 2617 (a)(3).

## AS A SECOND CAUSE OF ACTION
## DISCRIMINATION UNDER
## THE AMERICANS WITH DISABILITIES ACT

92. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 77 and further alleges as follows.

93. Plaintiff claims KEMET violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

94. SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall

discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

95. Section 102 continues: "As used in subsection (a) of this section, the term 'discriminate against a qualified individual on the basis of disability' includes … (4) excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association."

96. Defendant terminated Plaintiff ISIDOR'S employment shortly after Plaintiff put Defendant on notice of her pregnancy.

97. Defendant's VELEZ yelled at and berated Plaintiff ISIDOR as a result of her pregnancy.

98. Defendant VELEZ and HIGHFILL failed to accommodate Plaintiff ISIDOR.

99. Defendant VELEZ subjected Plaintiff ISIDOR to a hostile work environment as a result of her pregnancy.

100. KEMET violated the section cited herein by creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of Plaintiff's pregnancy.

101. Defendant KEMET violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## RETALIATION UNDER
## THE AMERICANS WITH DISABILITIES ACT

**102.** Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 77 and further alleges as follows.

103. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

104. Defendant KEMET terminated Plaintiff ISIDOR because she was pregnant and would require accommodations.

105. Defendant KEMET violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADA;

b. Issue an order prohibiting further discrimination;

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in the ADA;

d. Award Plaintiff all compensatory and liquidated damages provided for in the ADA; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A FOURTH CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT UNDER
## THE AMERICANS WITH DISABILITIES ACT

106.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 77above.

107.     Defendant and VELEZ subjected Plaintiff to harassment and the harassment was motivated by Plaintiff ISIDOR'S pregnancy.

108.     Defendant and VELEZ treated Plaintiff ISIDOR harshly and ultimately terminated Plaintiff ISIDOR'S because of her pregnancy.

109.     Defendant's VELEZ yelled at and berated Plaintiff ISIDOR in the presence of other employees.

110.     Defendant and VELEZ discriminatory comments and conduct was not welcomed by Plaintiff ISIDOR.

111.     The conduct was so severe and pervasive that a reasonable person in Plaintiff ISIDOR position would find Plaintiff ISIDOR'S work environment to be hostile or abusive.

112.     Defendant failed to exercise reasonable care to prevent racial harassment in the workplace by failing to establish an explicit policy against harassment in the workplace on the basis of race, failing to fully communicate the policy to its employees, and/ or failing to provide a reasonable way for Plaintiffs to make a claim of harassment to higher management, and failing to take reasonable steps to promptly correct the harassing behavior raised by Plaintiff.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADA;

b. Issue an order prohibiting further discrimination;

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in the ADA;

d. Award Plaintiff all compensatory and liquidated damages provided for in the ADA; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A FIFTH CAUSE OF ACTION

## RACIAL DISCRIMINATION AND HARASSMENT § 1981

113.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 77 above.

114.     This is an action for discrimination and harassment because of race and national origin under Section 1981.

115.      Plaintiff ISIDOR is a Haitian American Black woman.

116.     Plaintiff ISIDOR was the only Black and Haitian Shuttle Bus Driver on staff at KEMET.

117.     Defendant's VELEZ yelled at and berated Plaintiff ISODR on account of her race and national origin.

118.     At all times relevant, Plaintiff ISIDOR was treated differently because her race and her Haitian background.

119.     Defendant's VELEZ often spoke Spanish during Sales team meetings

120.     After Plaintiff ISIDOR'S termination, Defendant replaced Plaintiff ISIDOR with a white employee without any relevant experience.

121.     Defendant and Defendant's VELEZ subjected Plaintiff ISIDOR to a hostile work environment because she is a Black woman.

122.     Defendant constantly enforced a purposefully discriminatory pattern and practice of depriving Black individuals of the equal rights described therein, in further violation of 42 U.S.C. §1981.

123.     As a result of Defendant's discrimination in violation of Section 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of Plaintiff's contractual relationship which provided substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendant's actions, thereby entitling Plaintiff to compensatory damages.

124.     As alleged above, Defendant acted with malice or reckless indifference to the rights of the Plaintiff and copious other individuals named herein, thereby entitling Plaintiff to an award of punitive damages.

125.     Defendants violated the above and Plaintiff suffered numerous damages as a result.

126.     Plaintiff makes a claim against Defendant under all of the applicable paragraphs of 42 U.S. Code § 1981.

127.     Plaintiff claims Defendant both unlawfully discriminated against Plaintiff and unlawfully retaliated against Plaintiff in violated of 42 USC 1981.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of 1981; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A SIXTH CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT UNDER § 1981

128.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 77 above.

129.     Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered, and that the working environment was intimidating, hostile or abusive.

130.     The harassing conduct was directly connected to Plaintiff ISIDOR'S race and national origin.

131.     Defendant delegated Defendant's VELEZ the supervisory authority to control Plaintiff ISIDOR'S work environment. Defendant abused that authority by creating a hostile work environment. A reasonable person subjected to Plaintiff ISIDOR'S working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

132.     Defendant's discriminatory conduct was not welcomed by Plaintiff ISIDOR.

133.     As a result of the hostile work environment, Plaintiff suffered a "tangible employment action" defined as a significant change in employment status, failure to promote, reassignment with significantly different responsibilities, and/or a decision causing a significant change in benefits.

134.     Defendant failed to exercise reasonable care to prevent racial harassment in the workplace by failing to establish an explicit policy against harassment in the workplace on the basis of race, failing to fully communicate the policy to its employees, and/ or failing to provide a reasonable way for Plaintiffs to make a claim of harassment to higher management, and failing to take reasonable steps to promptly correct the harassing behavior raised by Plaintiff.

135.     As a result of Defendant's violations of § 1981, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business

reputation; loss of self-esteem; disruption to his family life; and other harm, pain and suffering, both tangible and intangible.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of 1981; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A SEVENTH CAUSE OF ACTION

## RETALIATION UNDER § 1981

136.    Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 77 above.

**137.**    Defendant's VELEZ discriminated against Plaintiff ISIDOR because she is a black Haitian woman.

**138.**    Plaintiff ISIDOR complained about the discriminatory treatments she received based on her race and national origin.

**139.** Plaintiff ISIDOR was terminated after she complained about the discriminatory treatment based on her race and national origin.

140. Shortly after Plaintiff ISIDOR'S complaints, Defendant terminated Plaintiff ISIDOR.

141. The retaliatory actions taken against Plaintiff ISIDORwould deter a reasonable person from making or maintaining a complaint of discrimination and/or harassment against Defendant.

142. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of 1981; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS AN EIGHTH CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE VII

143.     Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 77 of this complaint.

144.     Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

145.     Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her sex.

146.     Defendant's employees regularly made comments about Plaintiff ISIDOR'S pregnancy.

147.     Defendant's VELEZ harassed Plaintiff ISIDOR based on her gender and her pregnancy.

148.     Defendant treated Plaintiff ISIODR less favorably than similarly situated employees outside the protected class.

149.    Plaintiff ISIDOR exhausted her administrative remedies, including timely filing her complaint with the EEOC and filing her claim in this Court within 90 days of receiving her right-to-sue letter.

150.    Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

151.    Defendant violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## <u>AS A NINTH CAUSE OF ACTION</u>
## <u>RETALIATION UNDER TITLE VII</u>

152.    Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 77 above.

153.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

154.     Plaintiff ISIDOR is a woman and, as such, a member of a protected class under Title VII.

155.     Plaintiff ISIDOR complained to HIGHFILL and Defendant's Human Resource Officer about how VELEZ treated he as a result of her complaints of discrimination.

156.     Plaintiff ISIDOR complained to HIGHFILL and HICKS about the comments about the harsh comments and the conduct in retaliation to her complaints to Defendant's Human Resource officer.

157.     Plaintiff engaged in protected activity such as complaining about discrimination based on her gender.

158.     Shortly after Plaintiff ISIDOR made her discrimination and retaliation complaints, Defendant terminated Plaintiff ISIODR.

159.     Plaintiff ISIDOR exhausted her administrative remedies, including timely filing her complaint with the EEOC and filing her claim in this Court within 90 days of receiving her right-to-sue letter.

160.     Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages,

emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

<u>**AS A TENTH CAUSE OF ACTION**</u>
<u>**HOSTILE WORK ENVIRONMENT UNDER TITLE VII**</u>

161.    Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 77 above.

162.    The Civil Rights Act of 1964 prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

163.     Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered and that the working environment was intimidating, hostile or abusive.

164.     The harassing conduct was directly connected to Plaintiff ISIDOR gender.

165.     Plaintiff ISIDOR did not welcome Defendant's employees conduct or comments.

166.     Defendant delegated VELEZ the supervisory authority to control Plaintiff ISIDOR'S work environment. Defendant abused that authority by creating a hostile work environment. A reasonable person subjected to Plaintiff ISIDOR'S working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

167.     As a result of Defendant's violations of The Civil Right Act of 1964, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to his family life; and other harm, pain and suffering, both tangible and intangible.

    **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

    a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

    b. Issue an order prohibiting further discrimination; and

    c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay

in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS AN ELEVENTH CAUSE OF ACTION

## DISCRIMINATION UNDER FCRA

168.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 77 above.

169.     This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of her state rights under the Florida Civil Rights Act ("FCRA"), to include the remedies in §760.01, et seq., Florida Statutes.

170.     Plaintiff is an individual of woman and is therefore a member of protected classes within the meaning of the applicable law.

171.     At all times relevant, Plaintiff was an employee under the FCRA.

172.     Plaintiff is and was protected against discrimination under the FCRA.

173.     At all times relevant, Plaintiff ISIDOR was qualified to do her job and other jobs at Defendant.

174.     At all times relevant, Defendant treated Plaintiff ISIDOR differently because of her gender and disability.

175.     Defendant's discrimination against Plaintiff was willful or with reckless indifference to his protected rights.

176.     Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the FCRA; and

b. Issue an order prohibiting further retaliation; and

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A TWELVTH CAUSE OF ACTION

## RETALIATION UNDER FCRA

177.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 70 above.

178.     Defendant took adverse employment actions against Plaintiff ISIDOR because she complained about the sex discrimination and hostile work environment; i.e., because she engaged in activities protected by the FCRA.

179.    Defendant terminated Plaintiff ISIDOR within two (2) weeks of her formal complaint of gender and disability discrimination and hostile work environment.

180.    These retaliatory actions against Plaintiff ISIDOR would deter a reasonable person from making or maintaining a complaint of discrimination or harassment against Defendant.

WHEREFORE, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully retaliated against Plaintiff in violation of the FCRA; and

b. Issue an order prohibiting further retaliation; and

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

 e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A THIRTEENTH CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT UNDER FCRA

181.    Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 77 above.

182.    The Florida Civil Rights Act prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

183.     Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered, and that the working environment was intimidating, hostile or abusive.

184.     The harassing conduct was directly connected to Plaintiff ISIDOR'S race and gender.

185.     Defendant delegated VELEZ the supervisory authority to control Plaintiff ISIDOR'S work environment. Defendant abused that authority by creating a hostile work environment. A reasonable person subjected to Plaintiff ISIDOR'S working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

186.     As a result of Defendant's violations of FCRA, Plaintiff ISIDOR has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to her family life; and other harm, pain and suffering, both tangible and intangible.

## AS A FOURTEENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

187.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 77 above.

188.     At all times relevant, Defendant has a duty to provide Plaintiff ISIDOR with a safe and lawful workplace.

189.    At all times relevant, Defendant had a duty to protect Plaintiff ISIDOR from attacks, harassment, retaliation and other tortious and unlawful acts by Defendant's agents, managers and employees.

190.    Defendant breached their aforementioned duties to Plaintiff ISIDOR by allowing, retaining, failing to supervise and prevent the harassment and other tortious and unlawful acts alleged above.

191.    Defendant was on notice by way of Plaintiff ISIDOR'S complaints of discrimination and a hostile work environment.

192.    As a result of Defendant's actions and breaches as alleged in this Count, Plaintiff ISIDOR has been injured and has suffered damages, including severe emotional distress and mental anguish, pain and suffering, loss of capacity for enjoyment of life, loss of self-esteem, and economic damages.

## AS A FIFTEENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

193.    Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 77 above.

194.    Defendant intended to cause or engaged in a course or engaged in a course of conduct in reckless disregard of the probability of causing severe emotional distress to Plaintiff ISIDOR when Defendants harassed, assaulted, humiliated, discharged, and retaliated against Plaintiff ISIDOR.

195.    At all times relevant, Defendant was in a position of extreme power and influence over important aspects of Plaintiff ISIDOR'S life, including her family's livelihood and their health.

196.     As a result of Defendant's actions as alleged in this Count, Plaintiff ISIDOR has been injured and has suffered damages, including severe emotional distress and mental anguish, pain and suffering, loss of capacity for enjoyment of life, loss of self-esteem, and economic damages.

197.     Plaintiff ISIDOR demands from Defendant, all relief that is just and equitable, including compensatory damages, plus the taxable costs of this action.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:  Miami, Florida
        March 3, 2020

                            DEREK SMITH LAW GROUP, PLLC
                            Attorneys for Plaintiffs

                            By: _____/s/_____
                                Tiffani-Ruth I. Brooks, Esq.
                                tiffani@dereksmithlaw.com
                                701 Brickell Avenue, Suite 1310
                                Miami, FL 33186
                                (305) 946-1884